**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**ARTHUR L. DARBY,**

Petitioner,

**v.**

**Civil No.: 5:21-CV-20**
**JUDGE BAILEY**

**F.J. BOWERS, Acting Warden, et al.,**

Respondents.

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION

On February 3, 2021, the pro se Petitioner, Arthur L. Darby ("the petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On March 9, 2021, the petitioner paid the $5 filing fee. [Doc. 5]. The petitioner is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the Northern District of Ohio.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A.  Conviction and Sentence

---

[1]  Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on CM/ECF.  See United States v. Darby, No.: 1:10-cr-432-DAP.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

On September 29, 2010, the petitioner was charged in four counts of a multi-count, multi-defendant indictment. [Doc. 1]. The Government filed notice under 21 U.S.C. 851 that it would seek to enhance the petitioner's sentence based on a 2003 federal drug conviction for possession with intent to distribute cocaine and distribution of cocaine base. [Doc. 471].

On March 23, 2012, pursuant to a written plea agreement, the petitioner pleaded guilty to one count of conspiracy to distribute and distribution of at least 50 grams but less than 100 grams of cocaine, in violation of 21 U.S.C. § 846. [Doc. 497]. The petitioner acknowledged that the maximum sentence he could receive for violating 21 U.S.C. § 846 was 20 years imprisonment, a $1,000 fine, and a three-year term of supervised release. The petitioner further acknowledged that because the government filed a notice of a prior felony drug conviction under 21 U.S.C. § 851(a)(1), and invoked the penalty enhancement provisions of 21 U.S.C. § 841(b), the maximum sentence he could receive was 30 years of incarceration, a $2,000 fine and a six-year term of supervised release.

The petitioner's plea agreement contained a provision wherein he affirmed his prior felony drug offenses as set forth in the Information to establish Prior Conviction. [Doc. 497, at 3]. The petitioner further "waived any challenge to the prior convictions and sentencing enhancement under the provisions of title 21 U.S.C. §§ 841(b) and 851, United States Code."

The presentence report listed three prior drug felony convictions: a 1993 Ohio conviction for aggravated trafficking (Case No. 92CR455); a 2001 Ohio conviction for drug abuse and illegal manufacture of a controlled substance (Case No. 00CR494); and the 2003 federal drug-trafficking conviction (Case No. 1:02CR00148-002). Because the petitioner had at least two prior drug felony convictions, he was classified as a career

offender and his resulting sentencing guideline range of imprisonment was 188 to 235 months in prison. At the sentencing hearing, the district court departed from the Guidelines range and sentenced the petitioner to 170 months in prison, to run consecutively to his State sentence (Case No. 2010CR0554). Judgment was entered on November 21, 2012. [Doc. 594]. The petitioner's current **projected** release date, via good conduct time, is September 8, 2030.

### B.  Direct Appeal

The petitioner filed a direct appeal, arguing that the statutory and sentence enhancement was invalid because government listed the wrong case number for the prior conviction in the 851 notice and that the district court failed to consider relevant sentencing factors when ordering his federal sentence to be served consecutively to the State sentence. The Sixth Circuit Court of Appeals dismissed the appeal because the petitioner had knowingly waived his right to appeal in the plea agreement. [Doc. 780].

### C.  § 2255

While his direct appeal was pending, the petitioner filed a § 2255 motion, dated October 24, 2013. [Doc. 756]. In his motion, the petitioner raised the following repetitive claims: (1) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate offense under the career offender guideline because his sentence became invalid when the State improperly released him on shock probation; (2) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate conviction under the modified categorical approach; (3) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate conviction because the district court relied on a description of the offense from the police report as summarized in the presentence report; (4) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate conviction because the State had restored his rights to full

3

citizenship upon his release from probation; (5) his conviction in Ohio Case No. 00CR494 did not qualify as a predicate conviction because the case was related to Federal Case No. 1:02CR00148-002 and the sentence ran concurrently; (6) the district court erred by justifying the imposition of consecutive sentences based on the presentence report's description of the offense in Ohio Case No. 00CR494 which was taken from a police report which incorrectly indicated that a gun was recovered; (7) the district court's reliance on the police report summary of the offense in Ohio Case No. 00CR494 was in violation of Shepard v. United States, 544 US 13 (2005); (8) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate conviction because his release on shock probation was statutorily prohibited and his rights have been restored; (9) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate conviction because his release on shock probation was statutorily prohibited; (10) the district court's imposition of consecutive sentences was improper because the court erroneously indicated that the state prison term was five years, rather than eight years; (11) his conviction in Ohio Case No. 92CR455 did not qualify as a predicate conviction because he pleaded guilty to the elements of Ohio Rev. Code 2925.03(A) and was placed on shock probation, "[b]oth of which "were statutorily prohibited"; and (12) the district court failed to consider the extreme disparity of sentences imposed on the defendants in the federal case and state cases.

The government moved to dismiss the petitioner's § 2255 motion, arguing that the District Court lacked jurisdiction to consider the motion while the Petitioner's direct appeal was pending and that a waiver provision in the plea agreement barred his claims. The petitioner filed a response, as well as a motion to amend his § 2255 motion to add new grounds. He further asserted that: (13) his trial counsel rendered ineffective assistance

4

by failing to timely and adequately inform him about his potential sentence, the indictment, the plea agreement, and the presentence report; (14) the prosecutor committed misconduct by procuring an indictment where Counts 4 and 5 had no connection to his co-defendants, where he was not involved with his co-defendant's during 2008 and 2009 due to his incarceration, and where the investigators use misleading information to obtain wiretap authorization; and (15) the district court failed to identify the predicate conviction listed in the § 851 notice during the plea hearing.

On November 17, 2014, the district court denied the Government's motion to dismiss and granted the Petitioner's motion to amend. The Ohio Court of Appeals thereafter denied the Petitioner's petition for post-conviction relief challenging his conviction in Case No. 92CR455. State v. Darby, No. 14CA80, 2015 WL 3473258 (Ohio Ct. App. May 26, 2015).

On June 17, 2015, the district court denied the Petitioner's 2255 motion, which it described as raising four grounds challenging the use of his conviction for aggravated trafficking in Ohio Case No. 92CR455 as a predicate conviction because it did not qualify as a "controlled substance offense" for purposes of the career offender guideline. The court, however, mentions only the argument raised in the second claim, in which the petitioner contended that this conviction did not qualify as a predicate conviction under the modified categorical approach. The district court reasoned that the Sixth Circuit had rejected a similar argument in Gibbs v. United States, 3 F. App'x 404, 406 (6th Cir. 2001) and that, in any event, he had two other qualifying drug felony convictions. The court declined to issue a COA. [Doc. 828].

The petitioner thereafter filed an appeal with the Sixth Circuit. [Doc. 830]. The Sixth Circuit granted a COA as to all claims raised in the district court but declined to certify

additional claims asserted in the COA application. Upon review, the Court of Appeals determined that although the petitioner's second claim failed, many of the remaining claims raised different challenges to the use of his 1993 Ohio conviction as a predicate conviction. Because the district court overlooked these claims as well as others, the Court of Appeals declined to consider the remaining claims on the merits and instead remanded the action to permit the district court to consider their merits in the first instance. Accordingly, the Court of Appeals affirmed the district judgment in part, vacated the judgment in part, and remanded the action for further proceedings. [Case No. 15-3848, Doc. 23-1 (6th Cir. Oct. 5, 2016)].

On remand, the district court concluded that, of the thirteen remaining claims, the petitioner had waived his right to raise eleven of them in his plea agreement. He had reserved the right to raise claims of ineffective assistance of counsel and prosecutorial misconduct. The district court addressed these two claims on the merits. First, it found that the petitioner's claims that counsel had been ineffective in failing to explain the possible sentence was belied by the record. The claimed acts of prosecutorial misconduct either were not actions taken by the prosecutor or dealt with counts of the indictment that have been dismissed as a result of the plea agreement. Therefore, the district court denied the motion. [Doc. 878].  On August 14, 2017, the Sixth Circuit denied the petitioner a certificate of appealability. [Doc.883].

On July 16, 2018, the petitioner filed another Motion to Vacate under 28 U.S.C. § 2255, which was transferred to the Sixth Circuit for authorization to file a second or successive motion. [Doc. 899]. On December 12, 2018, the Sixth Circuit denied the Petitioner's motion for authorization to file a second or successive motion to vacate. [ Doc. 910].

### D.  Petitioner's Claims

The petitioner maintains that he is now actually innocent of being a career offender. In support of that allegation, the petitioner relies on <u>United States  v. Havis</u>, 927 F.3d 382 (6th Cir. 2019) (en banc), in which the court  concluded that the Guidelines' definition of "controlled substance offense" does not include attempt crimes. For relief, the petitioner requests that this Court resentence him without the career offender enhancement.

## III.    LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a pro se litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social Servs.</u>,

901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of

this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id.  In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014),  aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

## IV. ANALYSIS

9

Although the petitioner raises the savings clause, he is not entitled to its application.[2] As previously noted, the petitioner's sentence was based on the guidelines applicable to career offenders.[3] Because the petitioner is challenging his sentence, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of <u>Wheeler</u>, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018).  In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender

---

[2] The undersigned notes that the petitioner's reliance on the decision in <u>Havis</u> is apparently based on his misunderstanding on its holding. While the <u>Havis</u> decision discussed § 4B1.2 of the  Guidelines, and concluded that the definition of a controlled substance does not include "attempt crimes," that holding deals not with the current offense of conviction but instead with offenses used to determine that a defendant is a career offender. It did not hold that a defendant facing sentencing for a current conspiracy conviction under § 846 was not subject to a career offender enhancement with appropriate predicate offenses.  Moreover 21 U.S.C. § 846 specifically provides that "[a]ny person who attempts to commit any offense…shall be subject to the same penalties as those prescribed for the offense, the commission of which the was the object of the attempt or conspiracy.

[3] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716. Because the

---

[4]  In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944. See also, Braswell v. Smith, 952 F.3d 441, 450  (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under of statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

petitioner was sentenced under the post-<u>Booker</u>, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 17, 2021

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE