**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**ARTHUR LEE DARBY,**

Petitioner,

v.

**CIVIL ACTION No. 5:21-CV-20**
Judge Bailey

**F.J. BOWERS,** Acting Warden, **C.N.F.,**
Acting Warden, and **FEDERAL**
**CORRECTIONAL INSTITUTION,**

Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and

Recommendation of United States Magistrate Judge Mazzone [Doc. 6]. Pursuant to this

Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission

of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his

R&R on March 17, 2021, wherein he recommends that the Petition for Habeas Corpus

Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the

reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Petitioner was charged in four counts of a multi-count, multi-defendant indictment.[1]

The Government filed notice under 21 U.S.C. § 851 that it would seek to enhance

petitioner's sentence based on a 2003 federal drug conviction for possession with intent

to distribute cocaine and distribution of cocaine base.

---

[1]Unless otherwise noted, the information is taken from petitioner's criminal docket
available on CM/ECF. *See **United States v. Darby**,* No. 1:10-CR-432-DAP.

1

On March 23, 2021, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and distribution of at least 50 grams but less than 100 grams of cocaine, in violation of 21 U.S.C. § 846. Petitioner acknowledged that because the Government filed a notice of a prior felony drug conviction, the maximum sentence he could receive was 30 years of incarceration, a $2,000 fine and a six-year term of supervised release.

Petitioner's plea agreement contained a provision wherein he affirmed his prior felony drug offenses and further "waived any challenge to the prior convictions and sentencing enhancement under the provisions of title 21 U.S.C. §§ 851(b) and 851, United States Code."

The presentence report listed three prior drug felony convictions. Petitioner was classified as a career offender because he had at least two prior drug felony convictions. At the sentencing hearing, the district court sentenced petitioner to 170 months in prison, to run consecutively to his state sentence. Petitioner's current projected release date is September 8, 2030.

In his petition, petitioner asserts four grounds that all maintain he is now actually innocent of being a career offender. *See* [Doc. 1 at 5–7]. In support, petitioner relies on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), in which the court concluded that the Guidelines' definition of "controlled substance offense" does not include attempt crimes. Petitioner moves this Court to vacate his sentence and that he be resentenced without the enhancement as a career offender.

2

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed objections [Doc. 8] on March 29, 2021. Accordingly, this Court will review the portions of the R&R to which objection was

filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

4

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality
> of a sentence when: (1) at the time of sentencing, settled law of this circuit
> or the Supreme Court established the legality of the sentence; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion, the
> aforementioned settled substantive law changed and was deemed to apply
> retroactively on collateral review; (3) the prisoner is unable to meet the
> gatekeeping provisions of § 2255(h)(2) for second or successive motions;
> and (4) due to this retroactive change, the sentence now presents an error
> sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements

of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings

clause must meet either the *Jones* test (if challenging the legality of his conviction) or the

*Wheeler* test (if challenging the legality of his sentence) for the court to have subject-

matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d

at 423–26.

     Here, Magistrate Judge Mazzone found that even though petitioner raises the

savings clause, he is not entitled to its application.  The magistrate judge found that

petitioner is challenging his sentence and must meet all four prongs of the *Wheeler* test.

Magistrate Judge Mazzone found that even if petitioner met the first, second, and third

prongs of *Wheeler*, he cannot meet the fourth prong, which requires a showing that due

to a retroactive change in the law, his sentence now presents an error sufficiently grave to

be deemed a fundamental defect.

5

Petitioner filed his Objection to the Report & Recommendation [Doc. 8] on March 29, 2021. Therein, petitioner states that he is "not challenging the validity of his conviction," but is "challenging the way in which the sentence is being carried out." [Doc. 8 at 5]. Petitioner claims that "he is no longer a career offender, [and] that [his] sentence should be adjusted due to a change in the law. . . ." [Id. at 7]. Petitioner also asserts he meets the requirements of the savings clause and meets all four prongs of the *Wheeler* test. This Court disagrees.

This Court does not find petitioner's objections persuasive and, upon *de novo* review, finds that the Magistrate Judge reached the correct conclusion. Because petitioner cannot satisfy the savings clause of § 2255(e) under *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). This Court overrules petitioner's objections and will deny and dismiss his petition without prejudice.

## IV. CONCLUSION

Having reviewed the remainder of the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 6**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 8**] are hereby **OVERRULED**. Accordingly, this Court further **ORDERS** that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be

6

**DENIED AND DISMISSED WITHOUT PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 1, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

7